## CIRCUIT COURT OF ARLINGTON COUNTY

Ansary

v.

Gratzl et al.

August 13, 1982

Case No. (Chancery) 33202

By JUDGE CHARLES H. DUFF

Before the court for decision are questions of the defendants' rights under the easement which they hold across the property of the plaintiff. An evidentiary hearing has been held and the authorities cited have been carefully examined. Also, as you know, I met with counsel and viewed the scene personally. I hasten to advise you of my conclusions.

A careful consideration of the language creating the easement and the location of the dominant estate with respect to the nearest public road satisfies me that the original intent of the easement was to provide a right-of-way i.e. ingress and egress for the defendants' property. This right-of-way of necessity includes vehicular travel. In this connection the defendants are free to improve the right of way in any manner reasonably necessary to effectuate the original intent. Thus, defendants have the right to use compacted gravel, or hard top if necessary, to support the weight of vehicles.

The right of way also confers upon the defendants the right to remove natural obstructions interfering with the use of the easement. See 25 Am. Jur. 2d, *Easement and Licenses*, Section 92.

I am clearly of the opinion that the language creating the defendants' easement did not confer upon them the right to use the sub-soil for the installation of electric conduits, T. V. cables or other utilities. As is stated in 25 Am. Jur. 2d, Section 81:

The laying of pipes for water, gas, or oil has generally been said to be not incidental to the rights of an owner of a right-of-way, the theory being that his rights are merely those of a right of passage and not in the fee, and that such installations constitute an additional burden upon the servient tenement or a trespass.

The court is not unmindful of the difficult position in which this ruling places the defendants; however, I am entirely satisfied that the law is clear in this respect.

Furthermore, from the evidence taken at the hearing it is equally clear that the defendants' workmen have trespassed upon and damaged the land of the plaintiff outside of the twelve-foot right-of-way. Several items of damage were admitted by the defendants with commendable candor. The fact of trespass entitles the plaintiff to an injunction and an inquiry as to damage.

The court will exercise its inherent equity jurisdiction to impose upon the defendant the obligation of restoring the plaintiff's land outside of the easement, as nearly as possible to its condition prior to the commencement of construction. Upon completion of construction and restoration if the parties are not in agreement that the land has been restored as nearly as possible a further hearing in court or before a commissioner will be held to assess the quantum of damages.

In the meantime, an injunction will be issued requiring the defendant to take all reasonable steps to insure that further trespass upon the plaintiff's land or damage thereto cease.

No bond will be required at this time, but upon any further trespass, the court will entertain a Motion for the setting of an appropriate corporate bond.